**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

A.L. PINO

                Plaintiff,

                                                                                Case No. 3:15-cv-1284-J-20JRK

vs.

WELLS FARGO & CO,
a Delaware Corp, et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the June 9, 2016 Order to Show Cause (Doc. No. 31) entered by the undersigned. Upon review of the file, for the reasons stated below, the undersigned recommends dismissing all claims against Defendants Wells Fargo & Co., Wells Fargo Bank, N.A., and Does 1-100.

Plaintiff was directed on March 21, 2016 to serve process on Defendants by May 23, 2016. See Order (Doc. No. 19). By June 9, 2016, however, as the undersigned noted in the Order to Show Cause, proofs of service had been filed with respect to only two Defendants, John Mays and Felecia Carter, suggesting that the following Defendants named in Plaintiff's operative Complaint (Doc. No. 16) had not been served: Wells Fargo & Co., Wells Fargo Bank, N.A., John Stumpf, and Does 1-100. Order to Show Cause (Doc. No. 31) at 1; see also Proofs of Service (Doc. Nos. 23, 24), filed June 6, 2016. In the June 9, 2016 Order to Show Cause, the undersigned directed Plaintiff to file a written response by June 27, 2016,

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

explaining her failure to perfect service on any Defendants other than John Mays and Felecia Carter. Order to Show Cause (Doc. No. 31) at 2. Plaintiff was advised that failure to respond may result in a recommendation that the other Defendants be dismissed without prejudice. Id.

To date, Plaintiff has not responded to the June 9, 2016 Order to Show Cause. On June 10, 2016, however, Plaintiff filed a Proof of Service (Doc. No. 32) with respect to John Stumpf, who then appeared in this case by filing a motion to dismiss on June 23, 2016. See Defendant John Stumpf's Motion to Dismiss Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law (Doc. No. 33). No additional proofs of service have been filed, and no Defendants have appeared in this case other than John Mays, Felecia Carter, and John Stumpf. Accordingly, it is

**RECOMMENDED**:

1. That all claims against Defendants Wells Fargo & Co., Wells Fargo Bank, N.A., and Does 1-100 be **DISMISSED without prejudice** pursuant to Rule 4(m), Federal Rules of Civil Procedure.

2. That the Clerk of Court be directed to terminate Wells Fargo & Co., Wells Fargo Bank, N.A., and Does 1-100 as Defendants in this case.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 13, 2016.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Harvey E. Schlesinger
United States District Judge

Counsel of record
Pro se party

-2-